United States District Court
Southern District of Texas
**ENTERED**
June 03, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SHONTELLA BROUSSARD, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-1687 |
| | § | |
| CHEDRAUI USA, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

On April 24, 2026, Fiesta Mart, LLC, filed a motion for summary judgment in this slip-and-fall case. (Docket Entry No. 17). The plaintiff, Shontella Broussard, did not respond. The court ordered Broussard to file a motion for leave to file an untimely response to the motion for summary judgment no later than May 30, 2026, or else the court would rule on the motion for summary judgment based only on Fiesta Mart's motion and evidence. (Docket Entry No. 18). Broussard did not do so. The court now proceeds to rule on the summary judgment motion.

The court first grants summary judgment to Fiesta Mart on Broussard's negligence claim because Broussard cannot maintain both a negligence claim and a premises liability claim on the facts alleged. *See Rooney v. Costco Wholesale Corp.*, No. 4:19-CV-04536, 2021 WL 5155677, at *2 (S.D. Tex. June 4, 2021). Broussard's complaint alleges that she slipped and fell on an unknown substance, resulting in "catastrophic" bodily injuries. (Docket Entry No. 1-2 ¶ 9). There is no allegation, let alone evidence, of contemporaneous negligent behavior. Because this is a premises liability case, not a negligence case, the court grants summary judgment on the negligence claim. *See Venancio v. Wal-Mart Stores Tex., LLC*, 804 F. Supp. 3d 709, 712 n.1 (S.D. Tex. 2025).

Next, the court grants summary judgment to Fiesta Mart on Broussard's premises liability claim because there is no evidence (among other issues) that Fiest Mart had actual or constructive knowledge of the condition that caused her fall. "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused the invitee's injuries." *Robbins v. Sam's East, Inc.*, No. 21-20050, 2021 WL 3713543, at *1 (5th Cir. Aug. 20, 2021) (citing *McCarty v. Hillstone Rest. Grp.*, Inc., 864 F.3d 354, 358 (5th Cir. 2017)).

There is no evidence that Fiesta Mart had any knowledge of the condition that caused Broussard's fall. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (a court may grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and upon which that party will bear the burden of proof at trial"). Broussard herself could not say where she slipped, whether the substance was visible, how long it was on the floor before she fell, or whether she knew if an employee caused the substance to be placed on the floor. (Docket Entry No. 19). At most, Broussard's testimony is only that she slipped on a clear substance that was on the floor for an unidentified amount of time. (*Id.*). That is insufficient to establish a genuine factual dispute material to determining whether Fiesta Mart had constructive knowledge that there was a substance on the floor; there is no "proof that [Fiesta Mart] had a reasonable opportunity to discover the defect" and remedy it before Broussard fell. *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam). Summary judgment is granted on the premises liability claim.

Because Broussard cannot establish a premises liability claim, she cannot establish a gross negligence claim.  *See Pinkerton v. Wal-Mart Stores, Inc.*, No. 3:19-CV-2660-K, 2020 WL 4339051, at *3 (N.D. Tex. July 28, 2020) ("Because Plaintiff cannot establish premises liability or ordinary negligence, she cannot proceed with the gross negligence claim.").  And the record shows no basis to assert that Fiesta Mart was grossly negligent.  *See Venancio*, 804 F. Supp. 3d at 717.

The court grants the motion for summary judgment.  (Docket Entry No. 17).  Final judgment is separately entered.

SIGNED on June 3, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

3